**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

|                          |   |                              |
|--------------------------|---|------------------------------|
| **YOLANDA SAUCEDO,**     | § |                              |
|                          | § |                              |
|                          | § |                              |
| **Plaintiff,**           | § |                              |
|                          | § |                              |
| **vs.**                  | § | **Civil Action No. 1:09-CV-0114-C** |
|                          | § | **ECF**                      |
|                          | § |                              |
| **MICHAEL J. ASTRUE,**   | § |                              |
| **Commissioner of Social Security,** | § |                  |
|                          | § |                              |
| **Defendant.**           | § | **Assigned to U.S. Magistrate Judge** |

## MEMORANDUM ORDER AND OPINION

**THIS CASE** is before the court upon Plaintiff's complaint filed June 29, 2009, for judicial

review of the administrative decision of the Commissioner of Social Security denying Plaintiff's

applications for disability insurance benefits and for supplemental security income ("SSI") benefits

under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of her

complaint on January 19, 2010, and Defendant filed a brief on February 4, 2010. The parties

consented to having the United States magistrate judge conduct all further proceedings in this case

on July 22, 2009 (Doc. 8), and October 6, 2009 (Doc. 13). This court has considered the pleadings,

the briefs, and the administrative record and finds that the Commissioner's decision should be

affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I.   STATEMENT OF THE CASE

Plaintiff protectively filed applications for disability insurance benefits and for SSI benefits

on March 28, 2007, alleging disability beginning December 29, 2006. Tr. 11, 72-83. Plaintiff's

applications were denied initially and upon reconsideration. Tr. 11, 38-51. Plaintiff filed a Request

for Hearing by Administrative Law Judge, and this case came for hearing before the Administrative Law Judge ("ALJ") on August 12, 2008. Tr. 11, 20-31. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 22-30. Jerry Taylor, a vocational expert ("VE"), appeared and testified as well. Tr. 30-31. The ALJ issued a decision unfavorable to Plaintiff on September 30, 2008. Tr. 8-19.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements on December 29, 2006, through the date of his decision, and Plaintiff had not engaged in substantial gainful activity at any time since December 29, 2006. Tr. 18. Plaintiff has "severe" impairments, including left shoulder impingement syndrome, status-post arthroscopic repair, and post-operative adhesive capsulitis, status-post manipulation under anesthesia, and bilateral carpal tunnel syndrome, status-post distant left release, both with chronic pain; restless leg syndrome; hypertension; obesity; and depression. Tr. 12, 18. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 18. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 12, 18.

The ALJ found that Plaintiff retained the RFC to perform the exertional capacity of a modified range of relatively less strenuous light work duties, limited to jobs that do not require lifting/carrying more than ten pounds with her left, dominant upper extremity; that do not require using her left upper extremity for overhead job tasks; and that do not require using her left upper extremity more than occasionally. Tr. 16. The ALJ found that Plaintiff could return to her past

relevant work as a billing clerk, accounting clerk, and mail handler. Tr. 12, 17. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 18.

Plaintiff submitted a Request for Review of Hearing Decision/Order on October 9, 2008. Tr. 6-7. The Appeals Council denied Plaintiff's request and issued its opinion on March 27, 2009, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 2-5. The ALJ's decision, therefore, became the final decision of the Commissioner.

On June 29, 2009, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.    STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work. Tr. 19.

### III. DISCUSSION

Plaintiff claims that the ALJ's step 4 finding that Plaintiff could perform her past relevant work was not supported by substantial evidence because the jobs identified by the VE are precluded by Plaintiff's limitations.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

Plaintiff argues that the ALJ erred in finding that she could perform her past relevant work at step 4 of the sequential evaluation process because he relied upon the testimony of the VE which conflicted with the *Dictionary of Occupation Titles* ("DOT"),[1] such that the jobs identified require greater use of her hands, especially her dominant left hand, than is permitted by her RFC and require her to follow complex work instruction, also precluded by her RFC.

---

[1]      *See*  United States Dept. of Labor, Employment & Training Admin., *Dictionary of Occupational Titles* (4th ed. 1991) ("DOT").

The record demonstrates that the ALJ found that Plaintiff retained the RFC for the sustained performance of a modified range of light work activities, being restricted to lifting/carrying no more than 10 pounds with her left, dominant upper extremity; cannot use the left upper extremity for overhead job tasks; and cannot use the upper left extremity more than occasionally. Tr. 18. The ALJ relied upon the testimony of the VE who indicated that a person with Plaintiff's RFC could perform the jobs of billing and accounting clerk. Tr. 17. The ALJ noted that Plaintiff's representative presented a hypothetical question with the additional limitations, such as the inability to lift/carry even 10 pounds with the left hand and problems using the left hand for writing and keyboarding. *Id.* The ALJ expressly found that Plaintiff is not subject to such additional limitations and retains the ability to perform the jobs identified.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff argues that the testimony of the ALJ conflicted with the DOT, the ALJ failed to ask the VE about the conflict, and that as a result, the testimony of the VE does not constitute substantial evidence to support the ALJ's finding at step 4 that Plaintiff could return to her past relevant work.

Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p"). This Ruling notes that neither the DOT nor evidence from a VE "trumps" the other. *Id.* Rather, "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." *Id.* SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." This ruling also requires the ALJ to ask about any possible conflicts between the testimony of the VE and the information provided in the DOT. *Id.*

The Social Security Administration has taken "administrative notice" of the DOT. *See* 20 C.F.R. § 416.966(d)(1). However, the Fifth Circuit has recognized that "the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) (citing *Fields*, 805 F.2d at 1171).

Plaintiff argues that the jobs of billing clerk and accounting clerk both require frequent handling and at least frequent fingering, and as skilled (accounting clerk) and semi-skilled (billing clerk) work, Plaintiff was precluded from performing such jobs given her limitation on performing complex work instructions.

In *Carey* the Fifth Circuit addressed a case in which the claimant argued that the testimony of the VE, upon which the ALJ relied, conflicted with the *Dictionary of Occupational Titles*. 230 F.3d at 146. The Court again noted that "[t]he value of a vocational expert is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and

the attributes and skills needed," and found that "DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job." *Id.* at 145; see *Fields*, 805 F.2d at 1170. The Court indicated its agreement with the majority of the circuits that the ALJ may rely upon the VE's testimony, provided that the record reflects an adequate basis for doing so.

In this case the ALJ did not question the VE regarding whether his testimony conflicted with the DOT. The ALJ did, however, specifically asked why Plaintiff would be able to perform her past relevant work as a billing and accountant clerk but not as a mail handler. Tr. 30. The VE testified that the job of mail clerk involves more use of both arms and overhead and lifting. Plaintiff's representative was given the opportunity to question the VE and did so. Like the representative of the claimant in *Carey*, Plaintiff's representative did not further question the VE about the issue of whether there was a conflict between the DOT and the testimony of the VE, nor did he question the VE regarding whether the number of jobs identified reflected jobs that could be performed with the left upper extremity limitations in the RFC assessment. *See Carey*, 230 F.3d at 146. The VE testified that the jobs identified could be performed with the limitations included in the RFC assessment.

In testifying, the VE appropriately used his special expertise to "to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170. SSR 00-4p specifically notes that "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings" and further indicates that the VE may provide testimony regarding the requirements of a

particular job "as it is performed in specific settings." The record demonstrates that the VE in this case testified as to the jobs among Plaintiff's past relevant work that met the requirements of the hypothetical. The VE specifically addressed the limitations in the RFC reflecting Plaintiff's ability to use her upper extremities. The VE was specifically asked whether a person who was precluded from work involving "complex work instructions" could do the jobs identified, and he indicated that the hypothetical person could. Tr. 29.

The value of a VE is the ability to testify regarding whether a job may be performed with specific limitations and under specific conditions. The record as a whole provides an adequate basis for the ALJ to rely upon the testimony of the VE, and in so doing, the ALJ did not commit reversible error.

The court finds that the ALJ did not err by relying upon the testimony of the VE, that there was no overt conflict between the testimony of the VE and the *DOT*, and that the determination of the ALJ at step 4 of the sequential evaluation process that Plaintiff was not disabled because she could perform her past relevant work, is supported by substantial evidence in the record.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court finds that the Commissioner's decision should be affirmed and the Plaintiff's complaint should be dismissed with prejudice.

A judgment in favor of the Defendant shall be entered in accordance therein.

DATED this 28th day of September, 2010.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**